IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON O. GARDINER et al, <br><br> Plaintiffs, <br><br> v. <br><br> WESTGATE RESORTS et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 16-5090 |

**OPINION**

**Slomsky, J.**                                                                                           **May 5, 2017**

### I.   INTRODUCTION

On August 10, 2016, Plaintiffs filed this action in state court regarding a contract for the sale of timeshare interests in real property located in Florida. (Doc. No. 12.) After removing the case to this Court on September 21, 2016, Defendants filed a Motion to Dismiss or alternatively to transfer to Florida on September 28, 2016. (Doc. Nos. 1, 6.) On October 10, 2016, Plaintiffs voluntarily dismissed the case. (Doc. No. 7.) Before the Court is Defendants' Motion for Attorneys' Fees to which Plaintiffs filed a Response in Opposition. (Doc. Nos. 12, 13.) For the reasons that follow, the Court will deny the Motion.

### II.   FACTUAL BACKGROUND

Plaintiffs Jason O. Gardiner and Eneidaliz Rodriquez ("Plaintiffs") filed a Complaint against Defendants Westgate GV at the Woods, LLC ("Westgate GV"), Westgate Resorts, Ltd. ("Westgate"), CFI Resorts Management, Inc. ("CFIRM") and Central Florida Investments, Inc. ("CFI"), collectively "Defendants," in the Court of Common Pleas of Bucks County Pennsylvania. (Doc. No. 1-1.) The Complaint consisted of six separate claims including: (1) Fraud in the Inducement, (2) Violation of the Florida Deceptive and Unfair Trade Practices Act

Sections 501, et seq., (3) Violation of Florida's Vacation Plan and Timesharing Act, Chapter 721, et seq., (4) Violation of Chapter 825, Florida Statutes relating to Abuses of Senior Citizens, (5) Civil RICO, and (6) Disgorgement of Assets. (Id.)

On September 21, 2016, Defendants removed the case to this Court based on diversity of citizenship jurisdiction. (Doc. No. 13.) On September 28, 2016, Defendants filed a Motion to Dismiss or Alternatively to Transfer to the Middle District of Florida. (Doc. No. 6.) Defendants based their Motion to Dismiss or Alternatively to Transfer on (1) lack of personal jurisdiction, (2) failure to state a claim, and (3) improper venue. (Doc. No. 6.) Subsequently, on October 10, 2016, Plaintiffs filed a notice of Voluntary Dismissal under Rule 41(a). (Id.)

On October 24, 2016, Defendants filed a Motion for Attorneys' Fees and Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and (2), Local Rule 54.1 and 28 U.S.C. § 1920. (Doc. No. 12-1.) Defendants argue they are entitled to fees based on the underlying contract which served as the basis of Plaintiffs' Complaint. (Id.) The contract apparently was between Plaintiffs and Westgate Lakes, LLC for the sale of timeshare interest in real property. (Doc. Nos. 12-2 at 4; 13 at 3.) Paragraph 15 of the contract provides: "In the event of any litigation arising out of this Contract, the prevailing party will be entitled to recover its reasonable attorney's fees, including paralegal fees, and all costs and fees on appeal." (Doc. No. 12-1 at 4.) On November 2, 2016, Plaintiffs filed a Response in Opposition to Defendants' Motion. (Doc. No. 13.) Plaintiffs argue that the named Defendants were not parties to the contract at issue, as evidenced by Defendants' arguments in their Motion to Dismiss, and that none of the named Defendants in the Complaint were parties to any contract with the Plaintiffs. (Id.)

### III. ANALYSIS

Defendants argue they are entitled to recover fees pursuant to a prevailing party attorneys' fee provision in the contract underlying Plaintiffs' Complaint. (Doc. No. 12-1 at 3; Doc. No. 13 at 3.) In this regard, Defendants argue that the contract at issue is interpreted under Florida law. (Doc. No. 12-1 at 4.) According to Defendants, under Florida law, regardless of whether the voluntary dismissal by Plaintiffs was with or without prejudice, Defendants are considered prevailing parties under terms of the contract and therefore are entitled to attorneys' fees. Henn v. Ultrasmith Racing LLC, 67 So. 3d 444, 445-46 (Fla. 4th Dist. Ct. App. 2011) ("The fact that the trial court dismissed the case without prejudice was sufficient to trigger appellants' entitlement to attorney's fees as the prevailing party under the []contract"); Alhambra Homeowners Ass'n Inc. v. Asad, 943 So. 2d 316 (Fla. 4th Dist. Ct. App. 2006).

Plaintiffs respond that Defendants are not entitled to attorneys' fees under the contract because no named Defendant was ever a party to the contract. (Doc. No. 13 at 3.) Due to the multiple entities using the name "Westgate", Plaintiffs unintentionally failed to name the proper Westgate entity in the Complaint. Westgate Lakes, LLC, the proper party, was a party to the contract that contained provisions for the payment of attorney's fees and costs to the prevailing party. (See id.) Defendants Westgate GV, Westgate Resorts, Westgate, CFIRM, and CFI were never parties to the contract in issue. (See Doc. Nos. 6 at 1-5, 12-1 at 3.) Defendants concede this fact in their Motion to Dismiss where they state, "Defendants' Declaration and the Contract itself establish that . . . none of the Defendants is a party to the Contract." (Doc. No. 6 at 10.) Even though Defendants admit that they are not a party to the contract, they argue that Plaintiffs acquiesced to the rights and remedies under the contract because the contract served as the "basis of [Plaintiffs'] complaint." (See Doc. No. 12-1 at 4.)

This Court and Florida courts adhere to the American Rule, a general rule in law regarding costs and attorney's fees. Bd. of Tr., Roofers Local No. 30 Combined Welfare Fund v. Int'l Fid. Ins. Co., 63 F. Supp. 3d 459, 474 (E.D. Pa. 2014), aff'd, 644 F. App'x. 133 (3d Cir. 2016); Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1148 (Fla. 1985). Under the American Rule, "attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967). In Florida, individuals who are not a party to a contract have no right to enforce it. See Gallagher v. Dupont, 918 So. 2d 342, 347 (Fla. Dist. Ct. App. 2005) ("[A] nonparty to [a] settlement agreement[] has no standing to enforce it.").[1] Here, Defendants admit on more than one occasion they were not a party to the contract. (See Doc. No. 6 at 10, 13; Doc. No. 12-1 at 3.) As non-parties, Defendants do not have a right to enforce the contract. Had Defendants joined the correct party and thereafter prevailed, that party would have been entitled to recover attorney fees and costs. However, this is not the case here.

Defendants assert, however, that Plaintiffs are estopped from opposing the award of attorney's fees, relying on MCG Fin. Servs., L.L.C. v. Technogroup, Inc., 149 So. 3d 118 (Fla. Dist. Ct. App. 2014). But the present case differs significantly from MCG. In MCG, Technogroup, Inc., referred to as "ABS," brought a breach of contract and fraud action against a defendant named Joel Mason and his corporation MCG Financial Services, LLC, doing business as Approved Associates. 149 So. 3d at 119. As part of the request for relief in the complaint, ABS sought attorney's fees under the contract. Id. MCG and Mason filed an answer and also demanded attorney's fees. Id. At a non-jury trial, ABS admitted the existence of the contract, and counsel for both parties stipulated that MCG was the real party in interest. Id. In his

---

[1] See also White v. Exch. Corp., 167 So.2d 324, 326 (Fla. 3d Dist. Ct. App. 1964).

4

testimony, Mason acknowledged the existence of the contract and his intention to bind MCG. Id. at 120. The trial court ultimately found for Mason and MCG. Mason and MCG then moved for attorney's fees based on a contractual provision allowing the award of attorney's fees. Id.

At the hearing on Mason's motion for attorney's fees, ABS was represented by a new attorney who argued the contract was between ABS and another party, and that MCG and Mason were not parties to the contract at issue. Id. The trial court agreed, and denied MCG and Mason fees because they were not proper parties to the contract. Id. MCG and Mason appealed the trial court's denial of attorney's fees. Id. The District Court of Appeal of Florida, Fourth District, held that:

> ABS is estopped from arguing, in opposition to the contractual provision for attorney's fees, the completely inconsistent position that MCG and Mason were not parties to the contract, where it had based its case on its claim that MCG and Mason were bound by the contract. "[L]itigants are not permitted to take inconsistent positions in judicial proceedings and [ ] a party cannot allege one state of facts for one purpose and at the same action or proceeding deny such allegations and set up a new and different state of facts inconsistent thereto for another purpose."

Id. (quoting Fed'd Mut. Implement & Hardware Ins. Co. v. Griffin, 237 So. 2d 38, 41 (Fla. Dist. Ct. App. 1970)). Further, the appellate court held:

> [E]ven if ABS were not estopped from denying the contract, the trial court's conclusion that MCG and Mason were not parties to the contract is contrary to all the evidence and stipulations at trial.
>
> . . . In the present case, a contract was formed because the parties agreed on the essential terms and intended to be bound. ABS sued on the contract and alleged that MCG and Mason were bound by it. MCG stipulated it had intended to bind MCG when Mason signed the contract. The mistake in the name on the contract was not relied on by ABS as a ground for defeating the contract until it lost, and MCG and Mason sought attorney's fees under the contract.

MCG Fin. Servs., L.L.C., 149 So. 3d at 121.

The present case is distinguishable from MCG.  Here, Defendants did not intend to be bound by the contract, nor did any party stipulate that they were parties to the contract.  Rather, Plaintiffs admittedly named the wrong parties in the Complaint as Defendants.[2]  Based in part on this claim, Defendants moved to dismiss the Complaint, and thereafter Plaintiffs voluntarily dismissed the action.  (Doc. Nos. 13 at 3; 6 at 13; 12-1.)  Therefore, Plaintiffs are not estopped from opposing the award of attorneys' fees.

A similar case involving the Defendants in this case was brought in the United States District Court for the District of South Carolina.  See Artz v. Westgate Resorts, et al., No. 9-16-3193-RMG, 2017 WL 44563,*1 (D.S.C. Jan. 4, 2017).  On August 10, 2016, the plaintiffs, Gary and Robyn Artz, filed an action against Defendants in the Beaufort County Court of Common Pleas alleging fraud, a violation of Florida's Deceptive and Unfair Trade Practices Act, a violation of Florida's Vacation Plan and Timesharing Act, exploitation of the elderly in violation of Florida Statutes Chapter 825, civil racketeering, and disgorgement of assets.  Id.  On September 21, 2016, Defendants Westgate, Westgate GV, CFIRM and CFI removed the case to the United States District Court for the District of South Carolina and, a week later, filed a motion to dismiss or to transfer.  Id.  On October 12, 2016, the plaintiffs filed a voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure.  Id.  On October 24, 2016, Defendants filed a motion for attorneys' fees, similar to the motion before this Court.  Id.

The South Carolina District Court ruled in favor of the plaintiffs and denied Defendants' motion for an award of attorneys' fees.  Id. at 2.  The South Carolina court also referenced the Gallagher decision, supra, and similarly found that a non-party to a contract does not have a right

---

[2] "While not the intention of Plaintiffs to fail to name the specific contractual Westgate entity, and certainly understandable with the layer upon layer of multiple entities used by Westgate, it was nevertheless the case that the selling and contracting entity of Westgate was not named in the Complaint."  (Doc. No. 13 at 3.)

to enforce it.  Id. (citing Gallagher v. Dupont, 918 So. 2d 342, 347 (Fla. Dist. Ct. App. 2005)). The court also discussed the MCG decision and found that MCG was "inapposite" to the case before the court.  Id. at 2. (citing MCG Fin. Servs., L.L.C. v. Technogroup, Inc., 149 So. 3d 118 (Fla. Dist. Ct. App. 2014)).  Thus, this Court's decision here that Defendants are not entitled to counsel fees and costs from Plaintiffs is consistent with the decision of United States District Court for the District of South Carolina which also ruled against Defendants on the similar motion.

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion for Attorneys' Fees. (Doc. No. 12.)  An appropriate Order follows.